James F. BARBER
v.
UNITED STATES of America.
Civ. A. No. 10331.

United States District Court
W. D. Pennsylvania.
Nov. 16, 1954.

The case was tried without a jury and the following Opinion, Findings of Fact, Conclusions of Law and Order are entered by the court.

## Opinion

Plaintiff was a passenger in a truck being driven in a southerly direction on George Road, Ravenna Arsenal, Ohio. The vehicle in which plaintiff rode was attempting to pass the Army truck at an intersection, at which time the Army truck began to make a left turn and collided into the aforesaid truck.

■ Upon a most thorough review of the testimony and the inferences to be drawn therefrom, and in evaluating inconsistencies and contradictions evinced in testimony of the various witnesses, and from direct personal observation of the demeanor, expression and forthrightness of witnesses, it is my judgment and conclusion that the accident was due to the negligence of the operators of both vehicles, and that the plaintiff passenger was free from any contributory negligence.

The operator of the Army truck was negligent in attempting to make a left turn without observing whether or not traffic was present on the road behind him.

The operator of the truck in which plaintiff rode as passenger was negligent in failing to give warning of his intention to pass the Army truck, and in attempting to pass at an intersection.

■ I must conclude, therefore, that plaintiff, being free of contributory negligence, is entitled to recover for the negligent conduct of a servant of the United States of America while acting within the scope of his authority.

In connection with the evaluation of an appropriate award in damages, plaintiff was required to endure severe pain for an extended period of months, being required to wear casts, straps and braces. The fracture of the left clavicle has healed with a resultant deformity, while the fractures of the bones in the left

Harold R. Schmidt (of Rose, Rose & Houston), Pittsburgh, Pa., for plaintiff.

John W. McIlvaine, U. S. Atty., and Martin M. Sheinman, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a suit for damages arising out of a collision between a motor vehicle of the United States and a motor vehicle of the Hull Resurfacing Company in which plaintiff was a passenger.

The proceedings are brought against the United States of America pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq.

foot have not healed, rendering him incapacitated from walking or standing for any substantial period of time.

■ Prior to the accident, plaintiff was employed by a road construction company as a laborer. Until date of trial, plaintiff has sustained a loss in wages in the amount of $8,560 having earned approximately $230 per month. The preponderance of the evidence established the fact that plaintiff is permanently and totally disabled from performing or engaging in any gainful occupation for which he is qualified by education or experience.

In view of plaintiff's age being sixty-nine at the time the disability commenced, plaintiff enjoys a potential life expectancy of 9.92 years. United States Life Tables and Actuarial Tables, 1939–1941, U. S. Department of Commerce.

In addition, plaintiff has expended $811.50 for medical and hospital bills.

■ Upon a most thorough evaluation of the evidence adduced in the record, it is my judgment that an award in the amount of $15,000 plus $811.50 for medical and hospital bills would represent just compensation for the losses incurred.

### Findings of Fact

1. On July 23, 1951, at about 12:30 P.M., James F. Barber was a passenger in a truck being operated by Charles R. Pflugh, while in the furtherance of the business interests of Hull Resurfacing Company, in a southerly direction on George Road, Ravenna Arsenal, Ohio.

2. On July 23, 1951, at about 12:30 P.M., as the truck in which James F. Barber was a passenger was passing an Army truck, the said Army truck began to make a left turn, colliding with the truck in which James F. Barber was riding.

3. The driver of the Army truck, Arnett E. Swiger, was then and there a servant of the United States of America and acting upon its business and within the scope of his employment and authority.

4. The driver of the Army truck was unable to see traffic directly behind him and the driver of a vehicle directly behind the Army truck could not see any hand signal given by the driver of the Army truck. Without knowing and ascertaining whether or not there was traffic on the road behind him, the driver of the Army truck, without keeping a proper lookout for other vehicles to the rear, began to make a left turn and struck the truck in which James F. Barber was a passenger.

5. The driver of the Army truck was negligent and his negligence was a proximate cause of the accident.

6. The driver and operator of the motor vehicle in which the plaintiff was a passenger was negligent in passing the motor vehicle of defendant at the intersection.

7. The driver of the motor vehicle in which plaintiff was a passenger was negligent and his negligence was a proximate cause of the accident.

8. Plaintiff was a passenger and was free of any contributory negligence.

9. As a result of the collision, the truck in which James F. Barber was riding overturned and the said James F. Barber came to rest upon the ground with a portion of the truck resting upon his left foot.

10. As a result of the collision, James F. Barber suffered the following injuries:

1. Fracture of the left proximal phalanx of the fourth toe of the left foot.

2. Fracture of the distal end of the shaft of the second metatarsal in the left foot.

3. Fracture of the navicular bone in the left foot.

4. Fracture of the left clavicle.

5. Cerebral concussion.

6. Laceration of the scalp.

7. Multiple brasions of wrists and arms.

11. The fracture of the bones in the left foot was treated by the application of

casts which James F. Barber was required to wear for a period of approximately six weeks after the accident.

12. The fracture of the left clavicle was treated by the application of straps and braces which James F. Barber was required to wear for a period of approximately six weeks after the accident.

13. The laceration of the scalp was treated by suturing.

14. The fracture of the left clavicle has healed leaving permanent deformity, but no disability.

15. The fractures of the bones in the left foot have not healed. The fragments of the navicular bone have never united and are permanently disunited, and the proximal ends of the metatarsal bones are displaced.

16. The condition of the left foot was caused solely by the collision on July 23, 1951.

17. For a period of approximately one year James F. Barber suffered pain and discomfort as a result of the condition of the left clavicle.

18. As a result of the condition of the left foot, James F. Barber has suffered pain continuously from the time of the accident until the present time, and which will continue in the future.

19. As a result of the condition of his left foot, James F. Barber is unable to stand or walk on said foot, except for very short periods of time; any standing or walking on the left foot of James F. Barber for any substantial period of time causes him considerable pain.

20. Prior to the accident of July 23, 1951, James F. Barber was employed by a road construction company, Hull Resurfacing Company of Butler, Pennsylvania, as a laborer.

21. On and prior to July 23, 1951, James F. Barber was in good health and able to perform, without loss of time by reason of his health, all of the duties of a laborer in a road construction company.

22. Prior to July 23, 1951, James F. Barber worked every day when work was available, and on frequent occasions worked overtime.

23. As a result of the condition of his left foot, James F. Barber has been, since July 23, 1951 to date, unable to perform the duties of a laborer in a road construction company and/or any other work requiring him to stand or walk for any substantial period of time.

24. Since July 23, 1951, by reason of the injuries sustained in the accident of July 23, 1951, James F. Barber has been unable to work at all.

25. By education and experience, James F. Barber is only qualified to perform work as a laborer.

26. By reason of the condition of his left foot, James F. Barber is permanently and totally disabled from performing or engaging in any gainful occupation for which he is qualified by education or experience.

27. James F. Barber earned the following amounts during the following years:

1946 ...................$2,976.17
1947 ................... 2,756.70
1948 ................... 3,122.89
1949 ................... 2,640.47
1950 ................... 2,763.31
1951 to date of accident .. 1,297.51

28. During the period from July 23, 1951 to the date of trial, James F. Barber would have earned $9,000 in wages had he not been disabled from working by reason of the injuries and conditions resulting from the accident of July 23, 1951.

29. On July 23, 1951, James F. Barber was 69 years of age.

30. On July 23, 1951, James F. Barber's life expectancy was 9.92 years.

31. The following expenses were incurred by James F. Barber in connection with the injuries resulting from the accident of July 23, 1951:

Butler County Memorial
Hospital ................. $ 14.50
Dr. C. C. Voorhis,
154 N. Water St.,
Kent, Ohio ............... 75.00
Dr. Harry Epstein,
415 Market St.,
Pittsburgh, Pa. ........... 60.00

Dr. C. Y. Veenis,
320 N. Main St.,
Butler, Pa. .................. 106.00
Ambulance service ........... 50.00
Dr. Leroy R. Potter,
425 N. Main St.,
Butler, Pa. ................ 350.00
Dr. George V. Foster ........ 15.00
Western Pennsylvania
Hospital .................. 35.00
George F. and Mary A. Robin-
son Memorial Portage Coun-
ty Hospital ................ 106.00

Total .....:.............. $811.50

32. James F. Barber is unable to walk properly beause of the injury to the left foot, and has swelling and limitation of motion.

33. James F. Barber's present condition is permanent.

34. James F. Barber is entitled to a verdict and judgment against the United States of America in the sum of $15,-811.50.

Conclusions of Law

1. This court has jurisdiction of this action under the Federal Tort Claims Act, the Act of June 25, 1948, c. 646, as amended, 28 U.S.C.A. §§ 1346(b), 2671 et seq.

2. The driver of the Army vehicle involved in this accident was guilty of negligence, which negligence was a proximate cause of the accident of July 23, 1951 in which James F. Barber was injured.

3. The driver of the vehicle in which James F. Barber was a passenger was guilty of negligence which was a proximate cause of the accident of July 23, 1951, in which James F. Barber was injured.

4. James F. Barber was not guilty of contributory negligence.

5. Under all the law and the evidence, judgment should be entered in behalf of James F. Barber in the amount of $15,-811.50.

An appropriate Order is entered.

Order

And Now, this 16th day of November, 1954, it is ordered and adjudged that judgment be entered in favor of James F. Barber and against the United States of America in the amount of $15,811.50.